# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CANDICE MCEWEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-01027 |
| METRO NASHVILLE TRANSIT AUTHORITY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Candice McEwewn filed a pro se complaint alleging employment discrimination and various civil rights violations. (Doc. No. 1). She has since filed an Amended Complaint (Doc. No. 6). Now before the Court are Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 3), Motion to Disqualify Judge (Doc. No. 8), and Motion for Emergency Protective Order and Equitable Relief (Doc. No. 9).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Instead, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Plaintiff reports no current income or assets. (Doc. No. 3). Because Plaintiff's IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 3) will be granted. The Clerk therefore will be directed to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. MOTION TO DISQUALIFY JUDGE

Plaintiff has filed a "Motion to Disqualify" the undersigned from presiding over this case pursuant to 28 U.S.C. § 455(a). (Doc. No. 8). "[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" Huth v. Hubble, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." Id. (citation and internal quotation marks omitted).

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the

system for strategic reasons, perhaps to obtain a judge more to their liking." Arrowood Indem. Co. v. City of Warren, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in Allied-Signal). The Sixth Circuit has cautioned that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988) (brackets and quotation marks omitted). That is because unnecessary recusals waste judicial resources. City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir. 1980).

Plaintiff asserts that the undersigned "has a prior background in corporate and commercial law, and may maintain alumni or professional associations with Vanderbilt Law School and several named Defendants and John Does involved in this case." (Doc. No. 8 at 1). She argues that these assertions "raise legitimate concerns about impartiality and potential conflicts of interest." (Id. at 1−2). However, when "a judge's relationship with a party is merely that of an acquaintance, not an intimate, personal relationship or a relationship in which the judge would be obligated to a party, recusal is not necessary." United States v. Angelus, 258 F. App'x 840, 843 (6th Cir. Dec. 27, 2007) (brackets and quotation marks omitted). The undersigned does not have any personal or obligatory relationship with any of the named Defendants that would cause a reasonable person to question the undersigned's impartiality. Accordingly, the Motion to Disqualify Judge (Doc. No. 8) will be denied without prejudice.[1]

### III. MOTION FOR EMERGENCY PROTECTIVE ORDER AND EQUITABLE RELIEF

Plaintiff has filed a Motion for Emergency Protective Order and Equitable Relief. (Doc. No. 9) ("Emergency Motion"). In this motion, Plaintiff seeks an order enjoining the

---

[1] Plaintiff indicates up to 30 "John Doe" individuals may later be named as Defendants. (Doc. No. 6 at 3). Nothing in this Order precludes the undersigned from recusing based upon a personal relationship with one or more of the John Doe Defendants after they have been identified.

Defendants from "contacting, retaliating, harassing, or interfering with the Plaintiff." (Id. at 2). She also seeks an order directing "immediate correction of records and payment of monetary damages necessary to prevent further harm," and referral of the matter to the Department of Justice. (Id. at 3). Although Plaintiff's motion is titled Motion for Emergency Protective Order, the nature of relief she seeks is a preliminary injunction or temporary restraining order. The Court will address the motion based on its substance and the nature of the relief sought.

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. A preliminary injunction is a preventive, prohibitory, or protective measure taken pending resolution on the merits, see Clemons v. Board of Educ. of Hillsboro, Ohio, 228 F.2d 853, 856 (6th Cir. 1956), and is considered extraordinary relief. See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries her burden of proving that the circumstances clearly demand it. Overstreet v. Lexington–Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that she will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. Sisters for Life, Inc. v. Louisville-Jefferson County, 56 F.4th 400, 403 (6th Cir. 2022); Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant an injunction is within the discretion of the district court. Tenn. Scrap Recyclers Ass'n v. Bredesen, 556 F.3d 442, 447 (6th Cir. 2009).

A party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4

(M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). Here, Plaintiff's motion is not supported by an affidavit, declaration, or any other evidence. For this reason, the Emergency Motion will be denied without prejudice.

Even if the Emergency Motion were properly supported, denial would still be warranted. Without evidence to support her claims, Plaintiff has not demonstrated a strong likelihood of success on the merits. Moreover, she has not identified an irreparable injury that will result if preliminary injunctive relief is not granted.

## IV. CONCLUSION

Plaintiff's IFP Application (Doc. No. 3) is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff's Motion to Disqualify Judge (Doc. No. 8) and Motion for Emergency Protection Order and Equitable Relief (Doc. No. 9) are **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE